IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOSEPH ABDULLAH,              )
                              )   2:06-cv-0890-GEB-DAD
          Plaintiff,          )
                              )
     v.                       )   STATUS (PRETRIAL
                              )   SCHEDULING) ORDER
ARBY'S RESTAURANT NO. 5771;   )   AND RULE 4(m) NOTICE
ROGER S. SWANSON as Trustee   )
of THE ROGER SWANSON          )
GENERATION SKIPPING           )
TRUST 1 & 2; THE ROGER S.     )
SWANSON GENERATION SKIPPING   )
TRUST 1 & 2; KAREN DEDMAN     )
as Trustee of THE KAREN       )
DEDMAN GENERATION SKIPPING    )
TRUST 1 & 2; and THE KAREN    )
DEDMAN GENERATION SKIPPING    )
TRUST 1 & 2,                  )
                              )
          Defendants.[1]      )
_____)
```

The status (pretrial scheduling) conference scheduled for August 28, 2006, is vacated since the parties' joint status report ("JSR") indicates that the following Order should issue.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed. See Order Setting

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

Status (Pretrial Scheduling) Conference filed April 26, 2006, at 2 n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

The JSR reveals that Defendant ARBY's RESTAURANT NO. 5771 is the only named defendant that has been served in this action, and that the 120-day time period prescribed by Federal Rule of Civil Procedure 4(m) expired on August 14, 2006.  Plaintiff has twenty (20) days from the date on which this Order is filed in which to perfect service on the other named defendants.  If any defendant is not served within this time period, said defendant(s) could be dismissed from this action under Federal Rule of Civil Procedure 4(m).  As to any defendant not served by this deadline, Plaintiff is ordered to show cause (OSC) in a filing due no later than 4:00 p.m. on September 11, 2006, why this action should not be dismissed for failure to serve such a defendant within the time period prescribed above.

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### SERVICE OF STATUS ORDER

Concurrently with the service of process on a defendant, the newly-joined party shall be served with a copy of this Order.

Any newly-added party has forty-five days after said service within which to file a "Notice of Proposed Modification of Status Order."  A hearing on the Notice will be scheduled, if necessary. Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted except with leave of Court, good cause having been shown.

### DISCOVERY

All discovery shall be completed by August 22, 2007.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Pursuant to the parties' joint request in the JSR, disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made within thirty (30) days following the date on which the Status (Pretrial Scheduling) Conference was to occur.[3]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3] The sentence preceding this footnote applies only to Plaintiff and Defendant Arby's Restaurant No. 5771.

on or before March 22, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before April 23, 2007.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be October 22, 2007, at 9:00 a.m.[4]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u> <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1) The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2) The Court committed clear error or the initial decision was manifestly unjust; or

(3) There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not

---

[4] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for December 17, 2007, at 11:00 a.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[5]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial

---

[5] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

## TRIAL SETTING

Trial is set for March 25, 2008, commencing at 9:00 a.m.

/////
/////

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  August 17, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge